```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                          COVINGTON DIVISION



IN RE:

RONALD CHRISTOPHER KING
SHERIL LYNN KING

DEBTORS                                          CASE NO. 05-24988



MICHAEL L. BAKER, TRUSTEE                                PLAINTIFF


VS.                                              ADV. NO. 06-2093


MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; ENCORE CREDIT CORP.;
OPTION ONE MORTGAGE CORPORATION;
RONALD C. KING and SHERIL LINN KING               DEFENDANTS
```

**MEMORANDUM OPINION**

This matter is before the court on cross-Motions for Summary Judgment filed by the Plaintiff and Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Encore Credit Corp. ("Encore"), and Option One Mortgage Corporation ("Option One") (collectively "the Defendants"). The issue before the court is whether a mortgage given in connection with a refinancing loan was a preferential transfer and thus avoidable. This court has jurisdiction of this matter pursuant to Judicial Code section 1334(b); it is a core proceeding pursuant to Judicial Code section 157(b)(2)(F).

1.  Factual and procedural background.

The Debtors purchased a home in August 2004; the following month they executed two mortgages which were timely recorded, one with Homecomings Financial and one with Wilshire Credit Corporation.  On

July 22, 2005, the Debtors refinanced their mortgages by executing an adjustable rate note in favor of Encore Credit Corp. in the principal amount of $138,000.00 ("the July 2005 note"). As set out by the Plaintiff, the July 2005 note's interest rate was indexed at 6.750 points above the LIBOR rate, as published in the Wall Street Journal. The initial interest rate was set at 9.740%, with an initial change date of August 2008. After that date, the interest rate would be subject to an adjustment of as much as 2% every six months. The July 2005 note provided that the minimum interest rate would never be lower than 9.740%, and the maximum interest rate could be as high as 16.740%. The July 2005 note also imposed a three year prepayment penalty equal to 5% of the balance outstanding at the time of prepayment. As security for the July 2005 note, the Debtors executed a mortgage in favor of MERS as nominee for Encore, but the mortgage was not recorded until August 26, 2005 thus opening the door to the Plaintiff's challenge.

The proceeds of the July 2005 mortgage were used to pay off the Debtors' two prior notes and mortgages, both dated September 28, 2004. The first note was an adjustable rate note in the principal amount of $108,000.00. The interest rate on the September 2004 adjustable rate note was indexed to 6.620 points above the LIBOR average as published in the Wall Street Journal. The initial interest rate was set at 7.60% with an initial change date of October 2006. After October 2006, the interest rate would be subject to an adjustment of as much as 1% every six months. This note further provided that the minimum interest rate would never be lower than 7.60% and the maximum rate could be as high as 14.60%. In addition, the note imposed a two year

prepayment penalty equal to 5% of the balance outstanding at the time of prepayment. This penalty was paid during the refinancing transaction.

The second September 2004 note was in the principal amount of $20,400.00, was set at a fixed interest rate of 11.99%, and contained no adjustment periods or prepayment penalties. It was amortized over 20 years with a maturity date of October 1, 2024. Less than two months after the refinancing transaction took place, the Debtors filed their Chapter 7 petition in this court on October 16, 2005.

    2.   <u>Discussion</u>.

        a.  <u>The summary judgment standard</u>

Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, provides that summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has observed that

> this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact.
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510 (1986)(emphasis in original).

The summary judgment standard is set out in *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

The Sixth Circuit has opined that "[r]ead together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

      b.   <u>Preferential transfers pursuant to Bankruptcy Code section 547(b)</u>.

The trustee may avoid a transfer of an interest of the debtor in property pursuant to Bankruptcy Code section 547(b) which provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
>   (1) to or for the benefit of a creditor;
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>   (3) made while the debtor was insolvent;
>   (4) made--
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of filing of the petition, if such creditor at the time of such transfer was an insider; and
>   (5) that enables such creditor to receive more than such creditor would receive if--
>     (A) if the case were a case under Chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). The Plaintiff herein has alleged that pursuant to this statute he may avoid the mortgage executed in favor of MERS on July 20, 2005. The Defendants contend that because the transaction was a refinancing, they may avail themselves of the so-called "earmarking doctrine" as a defense.

The burden is on the Plaintiff to demonstrate that the transfer is preferential within the meaning of section 547(b). The Plaintiff contends that each of the five elements of that section has been satisfied. The Defendants do not contest the first, third, and fourth elements of section 547(b), i.e., that the mortgage was given for the benefit of MERS, and recorded during the 90 days prior to the filing of the bankruptcy when the Debtors are presumed to be insolvent. They do, however, raise the affirmative defense of earmarking, contending first that the note and mortgage are one exchange, rather than two separate transfers. They also contend that the Debtors' estate was not diminished by the transfer of a security interest in their home.

The Plaintiff contends that the note and mortgage are two separate and distinct transactions, and as such are not susceptible to the earmarking defense which, the Plaintiff asserts, does not apply when a secured creditor fails to timely perfect its lien under section 547(e), which provides in pertinent part:

> (3)(1) For the purposes of this section--
>    (A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; ...
>    (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made--
>        (A) at the time such transfer takes effect between the

> transferor and the transferee, if such transfer is perfected
> at, or within, 10 days after such time, except as provided
> in subsection (c)(3)(B);
>     (B) at the time such transfer is perfected, if such
> transfer is perfected after such 10 days[.]

11 U.S.C. § 547(e)(1),(2).  The Plaintiff further contends that even if the earmarking doctrine did apply, it would not negate the preferential nature of the transfer since the estate was in fact diminished.

The Defendants cite *In re Bohlen Enters., Ltd.*, 859 F.2d 561 (8th Cir. 1988) for the elements of the earmarking doctrine.  These are:

> (1) the existence of an agreement between the new lender and
> the debtor that the new funds will be used to pay a
> specified antecedent debt,
> (2) performance of that agreement according to its terms,
> and
> (3) the transaction viewed as a whole (including the
> transfer in of the new funds and the transfer out to the old
> creditor) does not result in any diminution of the estate.

*Id*. at 566.  The Defendants also assert that the Sixth Circuit recognizes the earmarking doctrine as a "complete defense to a preference action."  The case they cite, *McLemore v. Third Nat'l Bank (In re Montgomery)*, 983 F.2d 1389 (6th Cir. 1993), recognizes the defense but does not apply it, as the transfer of funds in question involved the debtor's check kiting scheme.  In determining whether the transferred funds were property of the debtor, the court found that the funds transferred from bank to bank in furtherance of the scheme did constitute property of the debtor within the meaning of section 547(b), and held that the transfers were avoidable.  *Id.*

A more instructive case is *In re Lazarus*, 478 F.3d 12 (1st Cir. 2007), in which the court held that the earmarking doctrine would not be applied to a mortgage granted in connection with refinancing.

There the new lender, Greater Atlantic Mortgage Corporation ("GAMC"), perfected its lien within 90 days of the filing of the bankruptcy petition, but failed to record the refinanced mortgage within 10 days after the loan proceeds were disbursed to pay off the original mortgage debt. The court stated:

> [I]n refinancing there are multiple transactions, including a new loan to the debtor, a mortgage back from the debtor to the new lender, a pre-arranged use of the proceeds of the loan to pay off the old loan and release of the old mortgage. Thus, new proceeds are generated, nominally for the benefit of the debtor, and the debtor, by making a new mortgage, transfers a property interest to the new lender.
>   Thus, in this case, Lazarus made a *new* mortgage in favor of GAMC, probably on different terms than the original ... Then, when GAMC paid off Washington Mutual's loan, the latter *released* its own mortgage. This did not transfer the old mortgage to GAMC; it merely meant that GAMC's mortgage was now first in line rather than a subordinate mortgage ...
>   Thus, the earmarking concept does not provide GAMC with an escape from the plain language of section 547(b) in the case of a belatedly-perfected transfer of a security interest.

*In re Lazarus*, 478 F.3d at 15-16.

This reasoning supports The Plaintiff's argument that the fact that the mortgage was executed simultaneously with the note does not make those transactions all of a piece, and, further, does not change the effect of section 547(e). As stated by the *Lazarus* court:

> [S]ection 547(e)'s 10-day limit is directed specifically to mortgages and applies even if the loan and mortgage are exchanged simultaneously. Congress' concern, therefore, was not with whether the exchange was simultaneous or nearly so, *but with getting the mortgage recorded within a reasonably brief and predefined period.* The aim was to combat secret liens and protect those who might lend in ignorance of the mortgage.

*Id.* at 18. This court agrees. To hold otherwise would allow the judge-made doctrine of earmarking to prevail over the specific provisions of the law enacted by Congress with no citation of

Constitutional or other fatal infirmity.

The Plaintiff also contends that even if the earmarking doctrine were applicable herein, it would fail as a defense because the bankruptcy estate was diminished as a result of the refinancing. The Plaintiff demonstrates this contention with the comparison of the terms of the original notes and the terms of the July 2005 note by which the original notes were refinanced. The July 2005 note contains substantially greater obligations, and if MERS's mortgage were allowed to stand, the bankruptcy estate would be diminished to the extent of those greater obligations. The court agrees in principle with this contention as well and the trustee could recover to the extent of the diminution.

In view of all of the foregoing, the court concludes that the Plaintiff has carried forward his burden of demonstrating that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. The Defendants' Motion for Summary Judgment should therefore be overruled and the Plaintiff's Motion for Summary Judgment should be sustained. An order in conformity with this opinion will be entered separately.

Copies to:

Debra S. Pleatman, Esq.
Norman J. Frankowski II, Esq.

8



**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**

**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Friday, July 20, 2007**
**(wsh)**